IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-89-WKW-WC |
| | ) | [wo] |
| WALMART STORES, INC, and | ) | |
| WALMART STORE #05348, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for consideration and disposition (Doc. 4).  For good cause, it is the Recommendation of the Magistrate Judge that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    INTRODUCTION

On January 28, 2019, Plaintiff Peter James Smith ("Smith" or "Plaintiff") filed this suit purporting to allege violations of his civil rights pursuant to 42 U.S.C. § 1983.[1] Doc. 1.  Because Plaintiff has requested leave to proceed *in forma pauperis* (Doc. 2), the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in a non-prisoner action).  The statute instructs the court to dismiss any action wherein it is

_____

[1] Plaintiff's Complaint is hand-written on the district's form complaint for alleging violations of a plaintiff's civil rights, thus, this Court presumes Plaintiff intended to pursue his claim pursuant to 42 U.S.C. § 1983.

determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 42 U.S.C. § 1915(e)(2)(B)(i)–(iii).  Based upon a careful review of the complaint, the undersigned concludes that the complaint is plainly frivolous and that Plaintiff has failed to state any claim upon which relief could be granted. Consequently, the complaint is due to be dismissed pursuant to §§ 1915(e)(2)(B)(i) and (ii).

## II.    STANDARD OF REVIEW

A review of the sufficiency of a plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face.").  Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*,

550 U.S. at 555; s*ee also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (remarking, a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), a plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible." *Id.* (internal quotations omitted).

As a general matter, "[i]n the case of a *pro se* action [. . .] the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Accordingly, a plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

## III.  DISCUSSION

In view of these general principles, the undersigned turns to the instant complaint. Plaintiff purports to sue a local Montgomery retailer, Walmart Store #05348 (851 Ann

Street, Montgomery, Alabama 36107), and, presumably, Walmart's corporate parent, which Plaintiff describes as "Walmart Stores, Inc." Doc. 1 at 1.  Plaintiff's complaint appears to concern placing money on a pre-paid non-Walmart debit card on January 29, 2017, that required Plaintiff to provide his personal information and pay an activation fee. Doc. 1 at 1. Plaintiff believes this requirement – which he characterizes as "fraud" – occurred as discrimination based upon his race and homeless status. Doc. 1 at 1.  Plaintiff seeks to recover "compensatory and punitive damages" and "[f]urther damages which the court may deem necessary in similar offenses committed in similar cases." Doc. 1 at 2.

Plaintiff's complaint is due to be dismissed for a host of reasons.  Foremost among them, the complaint is frivolous.  The only allegation in the complaint describing any conduct by Defendants is that an employee of Walmart required Plaintiff to provide personal information and pay an activation fee to place money on a pre-paid non-Walmart debit card.  From this lone allegation, Plaintiff purports to allege against Defendants claims of fraud and discrimination based upon his race and homeless status.  Plaintiff's factual allegations against Walmart Store #05348 or "Walmart Stores, Inc.," do not presently, and could not ever, support the claims he purports to allege.  As such, the complaint is frivolous and is due to be dismissed pursuant to § 1915(e)(2)(B)(i).

In any event, even if the complaint were not patently frivolous, Plaintiff still has failed to state any claim upon which relief could be granted as to Walmart Store #05348 or "Walmart Stores, Inc."  Defendants, a private retailer and its corporate parent, are not state actors and therefore may not be held liable pursuant to § 1983. *Harvey v. Harvey*, 949 F.2d 1127, 1130-1132 (11th Cir. 1992).  Moreover, requiring personal information and an

activation fee to deposit money onto a pre-paid debit card does not trigger any constitutional right.

Even if the Plaintiff does not intend to pursue his claims under § 1983, he does not cite a federal law under which he seeks to bring his claim. In addition, Plaintiff does not cite, here or anywhere else in his complaint, that his requested relief exceeds $75,000 or that the parties to this action are diverse.[2] Despite Plaintiff's failure to invoke this court's jurisdiction, the undersigned has carefully reviewed Plaintiff's complaint and finds that Plaintiff cannot establish the requisite subject matter jurisdiction for this court to hear his claim. As such, Plaintiff's complaint should be dismissed.

For all of the reasons stated above, the undersigned concludes that Plaintiff's complaint is frivolous and that, alternatively, Plaintiff has failed to state any claim upon which relief could be granted.

---

[2] Plaintiff is a resident of Montgomery, Alabama, and Walmart Store #05348, where the incident occurred, is located in Montgomery, Alabama. Additionally, the Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case meets the amount in controversy requirement. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams*, 269 F.3d at 1319 (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). Accordingly, when a district court is determining whether a complaint meets the amount in controversy requirement, the applicable standard of review is whether it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum, and the court may employ its "judicial experience and common sense" in making this determination. Plaintiff cannot satisfy the $75,000 amount in controversy requirement for diversity jurisdiction, as common sense would indicate that the value of the activation fee of a pre-paid debit card does not meet the threshold.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be GRANTED, and that this case be DISMISSED prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).[3]  It is further

 ORDERED that Plaintiff may file any objections to this Recommendation **on or before April 17, 2020**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149

---

[3] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend the complaint.  The undersigned believes requesting such amendment would be futile because the complaint is frivolous and, in any event, Plaintiff is incapable of asserting federal civil rights claims under § 1983 against Defendants.  Accordingly, leave to amend Plaintiffs' complaint need not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").  Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal.  Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his complaint prior to any dismissal of the complaint.

(11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of April, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE